**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| THOMAS ESTKA, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | No. 12 C 10253 |
| v. | ) ) ) | |
| CHALET NURSERY AND GARDEN SHOP INC., | ) ) ) | |
| Defendant. | ) ) | CLASS ACTION JURY DEMANDED |

## CLASS ACTION COMPLAINT

Plaintiff Thomas Estka ("Plaintiff"), by his attorneys, Markoff Leinberger LLC, states as follows for his Class Action Complaint against Defendant Chalet Nursery and Garden Shop Inc. ("Defendant").

1. This is a consumer class action based upon Defendant's violations of the Fair and Accurate Credit Transactions Act ("FACTA") amendment to Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, *as amended* (the "FCRA"). Specifically, this action is based on Section 1681c(g) of the FCRA. This section of the FCRA, like many others, was designed to combat the rampant increase of identity theft throughout the nation in recent years. Under the FCRA, companies that accept credit and debit cards are required to restrict the information they print on sales receipts. Such a practice, if followed, reduces an identity thief's ability to obtain valuable account information relating to a consumer. Despite the simple steps necessary to comply, and despite abundant notice, Defendant simply chose to ignore compliance with the FCRA. As such, consumers who purchase goods and services from Defendant receive none of the benefits that

1

Section 1681c(g) was designed to confer, and are uniformly burdened with an elevated risk of identity theft.

### *Jurisdiction and Venue*

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681, 28 U.S.C. §§ 1331 and 1337.

3. Venue lies properly in this district pursuant to 28 U.S.C. §1391(b).

### *Parties*

4. Plaintiff is an individual who resides in this district.

5. Defendant is an Illinois corporation with its principal place of business in this district.

6. At all relevant times, Defendant was a "person who accepts credit cards or debit cards for the transaction of business" within the meaning of FACTA.

### *Statutory Framework*

7. In 2003, FACTA was enacted to bolster protections for consumers from identity theft.

8. FACTA, 15 U.S.C. § 1681c(g) provides as follows:

> Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

9. § 1681c(g) applies to any "device that electronically prints receipts" ("Devices") for point of sale transactions.

10. Devices first put into use after January 1, 2005 must have been immediately compliant with 15 U.S.C. § 1681c(g).

11. Devices first put into use prior to January 1, 2005 must have complied with 15 U.S.C. § 1681c(g) by December 4, 2006.

12. FACTA gave merchants who accept credit or debit cards up to three years to comply with its requirements, requiring full compliance with its provisions no later than December 4, 2006.

13. On June 3, 2008, FACTA was amended to provide that

> any person who printed an expiration date on any receipt provided to a consumer cardholder at a point of sale or transaction between December 4, 2004 and June 3, 2008, but otherwise complied with the requirements of section 1681c(g) of this title for such receipt shall not be in willful noncompliance with section 1681c(g) of this title by reason of printing such expiration date on the receipt.

15 U.S.C. § 1681n(d).

## COUNT I
### *Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681c(g)*

14. Plaintiff incorporates paragraphs 1 through 13 as though fully stated herein.

15. On December 14, 2012, Plaintiff made a purchase at Defendant's business at 3132 Lake Ave., Wilmette, IL 60091. To pay for the purchase, Plaintiff used his Visa card. Following the transaction, Plaintiff received from Defendant an electronically-printed receipt that displayed the expiration date of Plaintiff's Visa card.

16. Plaintiff brings this action individually and on behalf of the following putative Class: All persons to whom Chalet Nursery and Garden Shop Inc. d/b/a Chalet, located at 3132 Lake Ave., Wilmette, IL 60091, provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring on or after December 21, 2010, which receipt displayed the expiration date of the person's credit or debit card.

17. The Class is so numerous that joinder of all individual members in one action would be impracticable. On information and belief, there are more than 100 persons to whom

3

Defendant provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring on or after December 21, 2010, which receipt displayed the expiration date of the person's credit or debit card.

18. Plaintiff' claims are typical of the claims of the Class members. All are based on the same legal theories and arise from the same unlawful and willful conduct.

19. There are common questions of law and fact affecting members of the Class, which common questions predominate over questions that may affect individual members. These common questions include, but are not limited to:

    a. Whether Defendant had a practice of providing consumers with electronically printed receipts on which Defendant printed the expiration dates of consumers' credit or debit cards; and

    b. Whether Defendant thereby willfully violated FACTA.

20. Plaintiff will fairly and adequately represent the Class members. Plaintiff has no interests that conflict with the interests of Class members. Plaintiff has retained counsel experienced in handling consumer class actions. Neither Plaintiff nor his counsel has any interests that might cause them not to pursue this claim vigorously.

21. This action should be maintained as a class action because the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications with respect to individual members that would establish incompatible standards of conduct for the parties opposing the Class.

22. Whether Defendant failed to comply with 15 U.S.C. § 1681c(g) can be easily determined by a review of its policies and a ministerial inspection of its business records.

23. A class action is a superior method for the fair and efficient adjudication of this controversy. Management of the Class claims is likely to present significantly fewer difficulties

than those presented in many individual claims. Moreover, the identities of the Class members may be obtained from Defendant's records, rendering identification of the class something capable of ministerial review.

24. At all relevant times, Defendant used Devices for point of sale transactions.

25. As of December 14, 2012, Defendant was aware that it was prohibited from providing to consumers sales receipts that displayed the expiration dates of consumers' credit or debit cards.

26. Prior to December 14, 2012, VISA, MasterCard and other card associations, acquirers and issuers advised merchants, including Defendant, of the need to truncate card numbers and expiration dates on electronically printed receipts.

27. Prior to December 14, 2012, VISA, MasterCard and other card associations, acquirers and issuers contractually required merchants accepting those cards to truncate card numbers and expiration dates on electronically printed receipts.

28. As of January 1, 2005, the Illinois Consumer Fraud and Deceptive Business Practices Act provided that

> …no provider may print or otherwise produce or reproduce or permit the printing or other production or reproduction of the following: (i) any part of the credit card or debit card account number, other than the last 4 digits or other characters, (ii) the credit card or debit card expiration date on any receipt provided or made available to the cardholder.

29. On or after December 21, 2010, Defendant provided Plaintiff and Class members receipts that failed to comply with 15 U.S.C. § 1681c(g).

30. At all times pertinent hereto, Defendant acted by and through its agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant.

5

31. Notwithstanding that (1) Defendant had many years to comply with FACTA, (2) Defendant was contractually required to comply with the truncation requirements even before the FACTA compliance deadlines, (3) Defendant was aware of the truncation requirements and (4) Illinois required truncation of card receipts by January 1 2005, Defendant provided consumers with credit and debit card receipts that failed to comply with 15 U.S.C. § 1681c(g).

32. Defendant willfully violated the FCRA.

33. As a result of Defendant's willful violations of the FCRA, it is liable to Plaintiff and Class members pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, individually and on behalf of the putative Class, requests that this Court enter judgment in his favor and against Chalet Nursery and Garden Shop Inc. and award the following:

    a. Statutory damages pursuant to 15 U.S.C. § 1681n;
    b. Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1681n; and
    c. Such further relief as this Court deems just and proper.

**Plaintiff Demands a Trial By Jury**

THOMAS ESTKA, Plaintiff,

By: s/ Paul F. Markoff
One of Plaintiff's Attorneys

Paul F. Markoff
Karl G. Leinberger
Markoff Leinberger LLC
134 N. LaSalle St., Ste. 1050
Chicago, IL 60602
312.726.4162 (p)
312.674.7272 (f)